IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASES NO. 4:10cr96-RH
          4:13cv475-RH/CAS

GASPAR BISHOP, a/k/a
NIGEL HUMPHREY,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 145. No objections have been filed. This order accepts the report and recommendation, adopts it as the court's opinion except in one respect, and denies the § 2255 motion.

I

This is the one respect in which the report and recommendation is not adopted as the court's opinion. The statement of reasons—as set out on a mandatory form used nationwide—checked the box saying, "The sentence is

within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart." The defendant says this was wrong, and the government apparently agrees, suggesting this was a scrivener's error. It was not wrong, and it was not a scrivener's error.

By "a range that is not greater than 24 months," the form means that the difference between the low end of the guideline range and the high end of the range is not greater than 24 months. The language comes directly from 18 U.S.C. § 3553(c)(1), which requires the sentencing judge to state on the record its reasons for imposing a specific sentence within a range that is greater than 24 months. If, as the defendant apparently contends and the government apparently believes, the requirement was for the judge to explain any sentence greater than 24 months, the statute and form would just refer to a sentence greater than 24 months; there would be no reason to refer to a "range" greater than 24 months.

Here the guideline range for counts 1 and 2 was 63 to 78 months. This was a 15-month range. (And the result is the same when the mandatory 24-month consecutive sentence on count 5 is added; the range becomes 87 to 102 months, still a 15-month difference.) In any event, as is my practice, I explained on the record the reasons for the specific sentence. And the written statement of reasons confirmed the bottom line, stating that the sentence was appropriate under all the 18 U.S.C. § 3553(a) factors and was sufficient but not greater than necessary to

comply with the statutorily-defined purposes of sentencing. ECF No. 66 at 5. So whether or not the form means a range greater than 24 months, not a sentence that is greater than 24 months, the sentence was properly imposed.

II

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.

### III

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. A certificate of appealability is DENIED.

SO ORDERED on November 11, 2015.

s/Robert L. Hinkle  
United States District Judge